TUCKER v. STEPHENS, appellant.

*Evidence — upon question of costs — admissions.*

At the trial, before a jury, of an action against an executor, plaintiff offered in evidence a copy of a verified account served on the executor, and also an offer to refer, which were received on the question of costs. *Held*, that the evidence was improper, and its admission error.

Defendant testified that he had read an entry, in testator's books, to plaintiff, and that the plaintiff admitted that the book account was correct. *Held*, that the entry was admissible.

APPEAL from a judgment for plaintiff upon a verdict rendered in the Lewis county court, in an action brought by George Tucker against W. Hudson Stephens, executor under the will of Apollos Stephens, deceased, on an account for wood sold defendant's testator. The case was tried by a jury, who rendered a verdict for plaintiff for $24.20, upon which, with costs, the court rendered judgment.

On the trial the plaintiff offered in evidence a copy of a verified account served on the executor, and also an offer to refer, which were received on the question of costs under objection and exception by defendant's counsel. Defendant at the trial offered to read an entry from the testator's books testifying that he read the same to

Vol. IV, N. Y. REP. — 75

the plaintiff; this was objected to and excluded. Defendant testified that plaintiff admitted that the account was correct.

*Adams & Swan,* for appellant.

*Abram I. Mereness,* for respondent.

E. DARWIN SMITH, J. The reception at the trial of the two papers marked A and B, being the verified statement of the plaintiff's account, with the affidavit of verification delivered to the defendant as executor, etc., and the offer of the plaintiff to refer said account, was, we think, an error. These papers were not proper evidence upon the issue, and it was not admissible to receive them on the ground that they were addressed to the court on the question of costs.

In trials by jury it is indispensable to a proper administration of justice that the evidence be strictly confined to the issue, and that all other kinds or species of testimony be carefully excluded. It is impossible to determine, accurately, what weight immaterial or irrelevant testimony may have upon the minds of jurymen not versed in legal proceedings and unaccustomed to judicial investigations.

The court erred, I think, also in excluding the evidence offered by the defendant of the entry of the account in his father's book, which the defendant testified that he read to the plaintiff. I do not see why it was not competent to read this entry thus shown and read to the plaintiff. It was not offered as admissible as an entry made in the book of the testator, but as a statement in writing shown to the plaintiff and read to him as the testator's statement of the facts relating to said wood and its receipt. It was just as admissible as any parol statement of the fact made in conversation between the parties and admitted at the time to be correct and not denied. It was a precise and certain statement of a fact made to the plaintiff by the defendant, and admitted by him to be correct as the defendant claimed.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*